UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:23-cv-02328-SSS-KKx | Date | February 13, 2024 |
|---|---|---|---|
| Title | *Selena Cathers v. Tesla, Inc., et al.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|
| Irene Vazquez | Not Reported |
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND [Dkt. 11]**

Before the Court is Plaintiff's Motion to Remand Case to Riverside Superior Court (the "Motion") filed on November 30, 2023. [Dkt. 11]. This matter is fully briefed and ripe for review. [Dkt. 15]. In accordance with the opinion below, the Court **DENIES** the Motion. [Dkt. 11].

**I.     Background**:

Plaintiff filed this action on July 3, 2023, in Riverside Superior Court alleging violations of the Song-Beverly Act. [Dkt. 11-1 at 2; Dkt. 1-1 at 4–10]. Plaintiff's Complaint arises out of her purchase of a used 2021 Tesla Model 3 (the "Model 3") on October 8, 2022, from Defendant Tesla, Inc. [Dkt. 1-1 at 5]. Defendant alleges Plaintiff paid $68,114.18 for the Model 3. [Dkt. 1 at 4]. In her Complaint, Plaintiff seeks, among other forms of relief, rescission and restitution of the purchase contract, a civil penalty of up to two times her actual damages, and reasonable attorney's fees and costs. [Dkt. 1-1 at 10].

The Court finds it also relevant to recite this case's peculiar procedural history. Defendant removed this action not once, but twice. [Dkt. 1 at 2].

Defendant's first removal of this action occurred on August 7, 2023. [Dkt. 1 at 2]. In its first Notice of Removal, Defendant alleged removal was proper because the Court possessed diversity jurisdiction over the matter. *Selena Cathers v. Tesla, Inc. et al.,* 5:23-cv-01578-SSS-kk, [Dkt. 1 at 3] (C.D. Cal. Aug. 7, 2023). More specifically, Defendant alleged the amount in controversy requirement was met because the total price of the Model 3 was $42,190, and Plaintiff sought civil penalties and attorney's fees under the Song-Beverly Act. *Id.* at 3–4. Before the Court could decide Plaintiff's Motion to Remand in the prior action, the Parties stipulated to remand the case. *Cathers,* 5:23-cv-01578-SSS-kk, [Dkt. 22]. The prior action litigated the *same* state court complaint as the matter currently before the Court. *Id.*; [Dkt. 1-1 at 4].

Defendant removed this matter a *second* time, after stipulating to remand, on November 13, 2023. [Dkt. 1 at 2]. Defendant claims this second removal is proper because, on October 11, 2023, Defendant received the sales contract for the Model 3 and information indicating Plaintiff is domiciled in California. *Id.*

## II.     Legal Standard:

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, federal courts can only hear cases if "there is a valid basis for federal jurisdiction." *Ayala v. Am. Airlines, Inc.*, No. 2:23-cv-03571-MEMF-MAR, 2023 WL 6534199, at *1 (C.D. Cal. Oct. 6, 2023) (citing *Richardson v. United States*, 943 F.2d 1107, 1112 (9th Cir. 1991)).

A defendant may remove the case to federal court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a). If a plaintiff contests the removability of an action, the burden is on the removing party to show by a preponderance of the evidence that the requirements for removal were met. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Under 28 U.S.C. § 1332, a district court has original jurisdiction over a civil action where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) the dispute is between 'citizens of different States.'" *Jimenez v. Gen. Motors, LLC*, No. 2:23-cv-06991 WLH (JPRx), 2023 WL 6795274, at *2 (C.D. Cal. Oct. 13, 2023).

It is well settled that a corporation is a citizen of every state in which it has been incorporated and of the state in which it has its principal place of business. *3123 SMB LLC v. Horn*, 880 F.3d 461, 462–63 (9th Cir. 2018); 28 U.S.C. §

1332(c)(1).  A corporation's principal place of business is the location from which its "officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

If there is any doubt as to the right to removal, a court must remand the action to state court.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (stating "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance"); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (citing *Gaus*, 980 F.2d at 566)).

## III.  Discussion

Plaintiff's position boils down to one simple argument, Defendant has failed to establish the amount in controversy requirement for diversity jurisdiction.  [Dkt. 11-1 at 5–10].  For the reasons stated below, Plaintiff's argument fails.  Thus, the Motion is **DENIED**.

### A. Timeliness:[1]

28 U.S.C. § "1446(b) 'identifies two thirty-day periods for removing a case.'" *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) (quoting *Carvalho v. Equifax Info. Servs., LLC*, 629 F. 3d 876, 885 (9th Cir. 2010)).  The first 30 days is triggered if the initial pleading is removable on its face.  *Silvano v. Ford Motor Comp.*, No. 23-cv-2422-DMG (PVCx), 2023 WL 4295090, at *2 (C.D. Cal. June 30, 2023).  The second 30 days is triggered by the defendant receiving "a copy of an amended pleading, motion, order or other paper from which it may *first* be ascertained that the case is one which is or has become removable."  [emphasis added] 28 U.S.C. § 1446(b).

Here, Defendant removed this case for the second time months after receiving the Complaint, but within 30 days of receiving information regarding the sales contract for the Model 3 and Plaintiff's citizenship.  [Dkt. 1 at 2].  Thus, Defendant relies on the second 30-day period discussed above.  While the Court cannot *sua sponte* remand a case for procedural defects in removal, the Court notes that had Plaintiff advanced an untimeliness argument in her Motion, the Court

---

[1] While Plaintiff does not challenge the timeliness of Defendant's removal, the Court finds it appropriate to address given the unique procedural history of this case.

possibly would have granted the Motion. *Maniar v. FDIC*, 979 F.2d 782, 785–86 (9th Cir. 1992).

At the heart of this timeliness issue is whether a complaint against the manufacturer of the at issue vehicle in a Song-Beverly Act action is removable on its face when it states the year, make, and model of the car. To begin, courts in this district disagree on this issue. For example, in *Alzghoul v. Mercedes Benz USA LLC*, No. 23-CV-02387-CJC-(SPx), 2024 WL 112498, at *2 (C.D. Cal. Jan. 10, 2024), Judge Carney denied a motion to remand for failure to timely remove where a plaintiff alleged he "leased a 2022 Mercedes-Benz CLA-Class," and the action was against Mercedes-Benz for violations of the Song-Beverly Act. In denying the motion to remand, Judge Carney found the complaint was not removable based on such allegations. *Id*. In contrast to Judge Carney's opinion, Judge Gee held the opposite and granted a motion to remand on near identical facts. In *Silvano v. Ford Motor Company*, 2023 WL 4295090, at *2–3, Judge Gee held "where the Complaint includes the make, model, and year of the car," it is appropriate for courts to require the defendant, who is the manufacturer of the car at issue in Song-Beverly Act actions, to "exercise a reasonable amount of intelligence in evaluating whether the amount in controversy exceeds $75,000."[2]

Having noted the ongoing debate arising out of this issue, the Court finds Judge Gee's opinion in *Silvano* to be compelling. However, because Plaintiff failed to raise the issue of timeliness in her Motion, the Court need not address the timeliness of this case. *Maniar*, 979 F.2d at 785–86.

### B. Sufficiency of the Amount in Controversy[3]

For a case to be removable under diversity jurisdiction, the amount in controversy must exceed $75,000. 28 U.S.C. 1332(a). As is the case here, when

---

[2] The Court notes the Complaint in this matter was possibly removable on July 3, 2023, the date of the first filing, because Tesla allegedly established diversity jurisdiction in their first removal by utilizing the pleadings and the Monroney of the Tesla 3. *Cathers*, 5:23-cv-01578-SSS-kk, [Dkt. 1 at 3]; *Kuxhausen*, 707 F.3d at 1139.

[3] Because Plaintiff does not challenge the complete diversity of citizenship requirement of 28 U.S.C. § 1332, the Court only addresses the amount in controversy requirement.

the plaintiff's state court complaint does not specify a particular amount of damages, and the plaintiff attacks the defendant's notice of removal on the amount in controversy requirement, the burden is on the removing party to establish by a preponderance of the evidence the amount in controversy threshold is met. *See Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020).

In the Ninth Circuit, "the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if [they] prevail[]." *Chavez v. JPMorgan Chase & Co.,* 888 F.3d 413, 418 (9th Cir. 2018). Importantly, when determining the amount in controversy, "court[s] are to consider the 'maximum recovery the plaintiff could reasonably recover'" against a defendant. *Selinger v. Ford Motor Comp.*, No. 2:22-CV-09993-SPG-KS, 2023 WL 2813510, at 9 (C.D. Cal. Apr. 5, 2023) (quoting *Arias v. Residence Inn by Marriot*, 936 F.3d 920, 927 (9th Cir. 2019)).

Here, Defendant has met its burden in establishing the amount in controversy exceeds $75,000. Because Plaintiff seeks rescission of the purchase contract and restitution of all monies expended under the contract, the Court finds Plaintiff put the contract price of the Model 3, $68,114.18, in controversy for purpose of determining the amount in controversy calculation.[4] *See Selinger*, 2023 WL 2813510, at *9 (noting by seeking recovery of the contract price in the complaint, the plaintiff put the value of the contract at issue for purposes of determining the amount in controversy); [Dkt. 1 at 4].

Moreover, Plaintiff's Complaint also seeks a civil penalty in the amount of two times Plaintiff's total damages. [Dkt. 1-1 at 10]. California Civil Code § 1794(c) allows for the recovery of a civil penalty, no greater than two times the amount of actual damages, if a plaintiff can establish the defendant's conduct was "willful." While courts in the Ninth Circuit disagree as to whether civil penalties should be considered in calculating the amount in controversy, this Court finds, because the Ninth Circuit has directed courts to consider the maximum amount a plaintiff could reasonably recover, that when a plaintiff pleads a defendant's

---

[4] While Plaintiff's Complaint does not specifically state the contract price of the Model 3, the Court finds the contract price is $68,114.18 because Plaintiff fails to challenge the amount alleged by Defendant and the amount stems from Plaintiff's own documents. [Dkt. 1 at 4]. *See Star Fabrics, Inc. v. Ross Stores, Inc.*, No. 17-cv-5877 PA (PLAx), 2017 WL 10439691, at * 3 (C.D. Cal. Nov. 20, 2017).

conduct in a Song-Beverly action was willful, civil penalties should be considered in the amount in controversy. *See Arias*, 936 F.3d at 927; *see also Selinger,* 2023 WL 2813510, at *9 (collecting cases). Here, Plaintiff plead in her Complaint GM's conduct was "willful." [Dkt. 1-1 at 7]. As such, Plaintiff could reasonably recover a civil penalty under California Civil Code § 1794(c). Thus, the Court finds it proper to consider the civil penalties in considering the amount in controversy.

Setting aside Plaintiff's other claimed damages such as attorney's fees, and focusing only on the contract price and the civil penalty, the Court finds the civil penalty amount alone would be well over the $75,000 threshold. As such, the Court finds Defendant met its burden in establishing the amount in controversy requirement was met.

### IV. Conclusion

Because Defendant established by a preponderance of the evidence that there is complete diversity between the parties, and the amount in controversy exceeds $75,000, the Court finds diversity jurisdiction existed over this case at the time of removal. 28 U.S.C. 1332(a). Thus, the Court finds removal was proper under 28 U.S.C. § 1441(a) and **DENIES** Plaintiff's Motion. [Dkt. 11].

**IT IS SO ORDERED.**